[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks an order prohibiting the defendants from parking recreational vehicles on property at 6 Ruth Cross Road, Colebrook and from further violating the cease and desist order of March 5, 1998.
The court heard testimony from the plaintiff and the defendant Gary Nowak and reviewed documentary evidence. The plaintiff presented evidence, not contested by the defendants, that in April, 2000 he observed two recreational vehicles parked on the property.
The March 5, 1998 cease and desist order reads in its entirety as follows:
 CEASE AND DESIST ORDER
March 5, 1998
Mr. Gary Nowak Nowak Products, Inc. 101 Rockwell Road Newington, CT 06111
Dear Mr. Nowak:
You are hereby ordered to cease any further work on the Mini-RV parking area and utility line hookup on your property at Ruth Cross Road, Colebrook, CT until the matter has been settled by the Colebrook Planning Zoning Commission or the Colebrook Zoning Board of Appeals. You are considered to be in violation of Sections 5.8.11 and 6.2.3 of the Colebrook Zoning Regulations (copies of which were mailed to you on 3/4/98).
This order does not apply to any further work to restore the roadway to the condition it was before you had it dug up to lay your conduit for utility lines.
Very truly yours,
George F. Collins, CZEO Land Use Secretary/Enforcement Officer
cc: F. Jasmin — Clbrk Building Department E. Crane — Chmn, Clbrk PZC G. Wilber — First Selectman, Twn. of Clbrk.
No timely appeal was taken from this order which was made pursuant to CT Page 7757 General Statutes.[1] Section 5.8.11 of the Colebrook zoning regulations provides:
 5.8 Any use not specifically listed in these regulations as permitted is hereby prohibited including but not limited to the following uses:
5.8.11 Campgrounds for camping trailers or recreational vehicles.
Section 6.2.3 provides:
 Permits may be issued by the Commission for the following purposes, but only under conditions which will safeguard the character of the neighborhood, and which will protect the public health and safety.
 6.2.3. One visiting trailer or motorized camping vehicles used for living purposes may be parked in the rear of a lot occupied by a detached single family dwelling, and at least 40 feet from any lot line, for not more than four weeks in any calendar year.
The defendants argue that in fact they have complied with that order in that they have ceased work on the parking area and utility hookup since the order was issued. There was no evidence to contradict this claim. While the order does not articulate as clearly as it could, it does notify the defendants that they are violating certain sections of the zoning regulations which prohibit the parking of recreational vehicles on property such as the defendants'. The defendants have failed to comply with the cease and desist order by parking recreational vehicles on their property. The application for a temporary injunction is granted as set forth in the order signed by the court on this date.
DiPentima, J.